THE COUNTY OF POTTAWATTAMIE v. THE COUNTY OF MARSHALL.

1. **Practice:** CANCELLATION OF JUDGMENT. A judgment or order of court will not be set aside or modified unless affirmative and prejudicial error is shown therein.

*Appeal from Marshall District Court.*

FRIDAY, JUNE 17.

IT appears from the averments of the petition in this case that the plaintiff commenced an action against the defendant to determine the legal settlement of an insane pauper and to recover for the expense incurred by plaintiff in the support of said pauper in the hospital for the insane at Mount Pleasant. The original notice was entitled in the Circuit Court,

but the petition by the mistake of the draughtsman thereof was entitled in the District Court. The clerk of the court filed the papers in the District Court, and the attorney of the plaintiff being a resident of Pottawattamie county, in the belief that the cause was pending in the Circuit Court did not attend the next term of the District Court. The attorney of the defendant appeared and filed a demurrer to the petition which was sustained, and an entry of an exception to the ruling was made by the court in behalf of the plaintiff. Afterwards the entry of the exception was set aside because no exception was in fact taken.

The plaintiff's attorney having ascertained that the case was filed in the District Court, and that the said orders had been made, filed the petition herein averring that the failure to appear in said court was the result of unavoidable. casualty and misfortune, and that the court had no jurisdiction in said cause nor any authority to make any order therein, and that the court erred in denying plaintiff the benefit of an exception to the ruling on the demurrer.

The prayer of the petition is that the orders made by the District Court may be vacated and set aside, and that said cause be dismissed, or that said order setting aside the exception to the ruling on the demurrer be vacated. Upon a trial the prayer of the petition was denied. Plaintiff appeals.

*Jacob Sims*, for appellant.

*O. Caswell*, for appellee.

ROTHROCK, J.—It is contended by counsel for appellant that the District Court had no jurisdiction of the subject matter 1. PRACTICE: of the action, but that under the provisions of cancellation of judgment. Sec. 1359 of the Code, the Circuit Court had exclusive jurisdiction. If this view be correct the plaintiff cannot be prejudiced by the ruling on the demurrer because such ruling was absolutely void and determined no right.

But we need not determine that question in this case. The petition which prays a modification of the judgment on the demurrer does not set forth the original cause of action, and the record nowhere discloses the grounds of the demurrer. For aught that appears it may have been based upon the want of jurisdiction of the court over the subject matter of the action. Or the original petition may have been vulnerable to a demurrer in any court having jurisdiction upon other grounds. The ruling upon the demurrer determined that the plaintiff did not present a good cause of action. It is averred in general terms in the petition for a modification of the judgement that the original petition did contain a good cause of action in the Circuit Court. This we are unable to determine because the record does not set out the original petition. Error must affirmatively appear.

AFFIRMED.